## McCullough and Wife *versus* Wiggins.

1. Real estate was devised to a man and his wife, "to be theirs for ever." The husband devised a portion of it to his son, and *allowed* him to pay to his sister $100. The wife of the testator survived him, and claiming the whole land under the first devise, conveyed a part of it to the son and another part to the daughter: *Held*, that as the son did not acquire the land under his father's will he was not bound to pay the legacy.

2. The fact that the devisee was executor of the will, made no difference. As executor, he was not bound to pay the legacies further than he had assets applicable to them.

3. The inventory, filed by the executor, showing that certain articles of personal property bequeathed to the wife had been set aside for her, was no evidence of such acceptance under the will as estopped her from claiming the land.

ERROR to the Common Pleas of *Indiana county.*

This was an action by Samuel McCullough and Martha his wife, for her use, *v.* Samuel Wiggins, executor of Andrew Wiggins, de-ceased. It was brought to recover the amount of a legacy of $100, under the will of Andrew Wiggins, and also the amount of the wife's share of the personal estate of the testator not disposed of by the will.

The farm on which the testator lived, at the time of his death, had belonged to Robert Lytle. In the will of Lytle it was devised as follows: "And in the next place, I give and bequeath all my

real estate to my son-in-law Andrew Wiggins and Rebecca his wife, to be theirs for ever." * * * "And I further will and allow that the said Andrew Wiggins shall in consequence pay to my other children as follows," &c., devising legacies to the amount of $240. Will dated 27th August, 1810. Proved 10th June, 1812.

In the will of *Andrew Wiggins*, it is contained: "I *allow* to my wife Rebecca her maintenance on the place I now live on, as long as she remains a widow," &c. "I *allow* Martha McCullough the north-west end of the place I now live on," &c. "I bequeath the rest of the land, that I now live on, to Samuel Wiggins, with the appurtenances, to be his for ever. I *allow* Samuel Wiggins to pay Martha McCullough one hundred dollars in two payments, one year after the other, two years after my decease," * * * I appoint Samuel Wiggins, my son, executor," &c. Will dated 16th August, 1845. Proved 12th April, 1847.

Rebecca, the wife of Andrew Wiggins, survived him and claimed the whole of the land; and she conveyed to the defendant a part of it, and released to McCullough and his wife another part of it.

On the part of the defendant it was contended that he took nothing by the devise in his father's will, and was therefore not bound to pay the legacy.

BURRELL, President Judge, charged, *inter alia,* " On examination of the title to the land devised to defendant, it appears it belonged to the testator and his wife, and on the death of one of them went wholly to the survivor. His wife survived him, and afterwards conveyed to the devisees about the same proportion of the land the will gave them, declaring that she claimed *the whole land*, and taking securities for annual sums from them. Under these circumstances the defendant resists the payment of the legacy of $100, and we think with good cause, he having acquired no title by the devise."

The jury were directed to find for the plaintiff her share of the balance in the hands of defendant as appeared by his account confirmed, with interest, with some exceptions.

May 5, 1853, verdict for plaintiffs for $52.59.

Error was assigned to the charge, &c.

*Foster* and *Drum*, for plaintiffs in error.—It was contended that the plaintiffs should recover,

1st. Because the legacy was not made dependent upon whether the defendant got the land or not; and that the defendant, having accepted the executorship and thus recognised the will, was bound to pay as directed by the will.

2d. Because, after the death of testator, Mrs. Rebecca Wiggins, instead of repudiating the devise by her husband of this land, made

[McCullough and Wife *v.* Wiggins.]

a conveyance to defendant of the part devised to him, and also a deed to the plaintiffs for a small part of the land devised to them; reserving to herself a small annual sum of money from each, to be paid to her in case she should go somewhere else to board.

3d. Because the direction contained in the will of Robert Lytle, that Andrew Wiggins should pay certain legacies in consequence of the devise to him and wife, vested in him an estate in fee in at least one-half of the land.

4th. Because there was evidence of Mrs. Rebecca Wiggins having accepted under her husband's will; which would prevent her from disputing its validity. By the will, she was to have her maintenance off the farm; and it was in evidence that she still continued there in accordance with that provision. The will also gave her certain small specific legacies, for the delivery of which to her the defendant claimed a credit in this action; it was said, showing that she had accepted, so far at least, under the will.

*Banks*, for defendant in error.

The opinion of the Court was delivered by

BLACK, C. J.—Testator died devising land to his son, and directing him to pay one hundred dollars to a daughter. The land did not belong to the testator, but to his wife, who after his death conveyed to the devisee. This suit is by the daughter against the devisee to recover her legacy of a hundred dollars. Is she entitled to it?

The legacy was not made or intended to be made a charge upon the land. The will, after giving the land, simply says, "I allow S. to pay M. one hundred dollars." If the devisee had taken the land under the will, he would have made himself personally liable for the legacy. But how can we say that the same consequence would follow from his getting title in another way, when he found that he got none by the devise?

The fact that the devisee was executor of the will makes no difference. As executor he was bound to pay the legacies only so far as he had assets applicable to that purpose.

The land in question had been devised to the testator and his wife, and of course the entire estate survived to the wife. He had no more right to dispose of it by his will than if it had been her separate property or the property of a stranger, even though it came to them encumbered with legacies which he paid.

The inventory filed by the executor, showing that certain articles of personal property bequeathed to the wife had been set aside for her, was no evidence of such acceptance under the will as would estop her from claiming the lands; and her subsequent conveyance of the land devised, was as far as anything possibly could be from a confirmation.          Judgment affirmed.